United States District Court
District of Massachusetts

```
_____
                                    )
Cherly Thevenin,                    )
                                    )
          Plaintiff,                )
                                    )
               v.                   )     Civil Action No.
                                    )     19-11570-NMG
M&T Bank Corporation and            )
Lakeview Loan Servicing, LLC,       )
                                    )
          Defendants.               )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

    Plaintiff Cherly Thevenin ("Thevenin" or "plaintiff")
brings this action against defendants M&T Bank ("M&T") and
Lakeview Loan Servicing, LLC ("Lakeview", together with M&T,
"defendants") seeking a declaratory judgment that defendants
instituted unlawful acceleration and foreclosure proceedings
with respect to the property located at 6 Lincoln Avenue,
Westford, Massachusetts 01886 ("the Property").[1]

    Pending before the Court is the motion of defendants to
dismiss plaintiff's complaint.

_____

[1] In her opposition to this motion, plaintiff spells her name as
both "Cherly" and "Cheryl" but in her complaint simply "Cherly".
The Court will, therefore, presume that is the correct spelling.

- 1 -

I.   **Background**

Thevenin is a Massachusetts resident who lives at the
Property.  In September, 2009, she signed a promissory note in
the amount of $318,274 to secure a mortgage on the Property
("the Mortgage") granted to Mortgage Electronic Registration
Systems, Inc. ("MERS") as nominee for Surepoint Lending ABN
First Residential Mortgage Network, Inc.  The Mortgage was
designated as a Federal Housing Administration ("FHA") loan and,
in September, 2013, was assigned to Lakeview, a residential
mortgage loan company with its principal place of business in
Coral Gables, Florida.  Shortly thereafter, M&T, a banking
services company headquartered in Buffalo, New York, became the
servicer of the Mortgage.

In January, 2015, Thevenin defaulted on the Mortgage and,
in July, 2017, defendants instituted acceleration and
foreclosure proceedings.  According to Thevenin, defendants
never met or attempted to meet face-to-face with her after she
defaulted.

Defendants contend to the contrary that, on February 20,
2015, an M&T representative visited the Property in an attempt
to arrange a face-to-face meeting with Thevenin.  Finding that
she was neither at home nor available for a meeting, the M&T
representative left a letter at the Property informing Thevenin

of her rights.  Defendants further submit that M&T then sent a certified letter to plaintiff on February 24, 2015, informing her that she was entitled to a face-to-face meeting and providing information as to how to schedule such a meeting.

In June, 2019, plaintiff filed a complaint against defendants in the Massachusetts Superior Court for Middlesex County seeking a declaratory judgment that defendants had breached the Mortgage by unlawfully instituting acceleration and foreclosure proceedings.

Defendants timely removed the case to this Court and subsequently moved to dismiss plaintiff's complaint.

## II.  **Motion to Dismiss**

### A.  Legal Standard

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

## B. Application

The gravamen of plaintiff's complaint is that defendants violated Paragraph 9(d) of the Mortgage by failing to meet or make a reasonable effort to meet with her face-to-face within three months of her default. For the purpose of the pending motion, neither party disputes that the Mortgage is subject to Massachusetts law and constitutes a valid, binding contract.

Under Massachusetts law, a mortgagor has a claim for breach of contract when the mortgage expressly conditions acceleration or foreclosure on strict compliance with the regulations of the Department of Housing and Urban Development ("HUD") and the

mortgagee fails to comply. <u>Wells Fargo Bank, N.A.</u> v. <u>Cook</u>, 31

N.E.3d 1125, 1129 (Mass. App. Ct. 2015); <u>see</u> <u>also</u> <u>Carini</u> v. <u>Bank</u>

<u>of America, N.A.</u>, No. 18-11031-PBS, 2018 WL 6704777, at *4 (D.

Mass. Sept. 28, 2018) <u>report and recommendation adopted</u>, Docket

No. 32 (Nov. 6, 2018).

Paragraph 9(d) of the Mortgage provides that "acceleration

or foreclosure" is authorized only if "permitted by regulations

of [HUD]."  Thevenin contends that defendants failed to comply

with 24 C.F.R. § 203.604(b) and, therefore, breached Paragraph

9(d) of the Mortgage.

Section 203.604(b) provides that

> [t]he mortgagee must have a face-to-face interview
> with the mortgagor, or make a reasonable effort to
> arrange such a meeting, before three full monthly
> installments due on the mortgage are unpaid.

Such reasonable efforts

> shall consist at a minimum of one letter sent to the
> mortgagor certified by the Postal Service as having
> been dispatched [and] at least one trip to see the
> mortgagor at the mortgaged property

§ 203.604(d).  There are certain exceptions to the regulations

not applicable in this case.

The parties agree that defendants never met face-to-face

with plaintiff but disagree as to whether reasonable efforts

were made to arrange such a meeting.  Defendants contend that

documents submitted in support of their motion to dismiss

demonstrate such efforts.  Those documents include an affidavit from M&T, a letter purportedly sent to plaintiff by M&T and notes from an M&T representative about his purported visit to the Property.  According to defendants, the Court may consider those documents in connection with their motion to dismiss because they are central to plaintiff's claim.

The Court disagrees.  Pursuant to Fed. R. Civ. P. 12(b)(6), "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden" at the motion to dismiss stage. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  There is a "narrow exception" for certain documents, including official public records and documents central to or sufficiently referred to in the complaint of which the authenticity is undisputed. Id.

The documents submitted by defendants are not official public documents.  Although central to plaintiff's complaint, Thevenin expressly contests the authenticity of the submitted material.  She maintains that M&T never sent her a letter, left a letter at the Property or otherwise notified her of her right to meet face-to-face.  For that reason, the Court is precluded from considering the disputed documents at this stage of litigation. See id. at 3-4.

In the alternative, defendants contend that plaintiff's allegations that she never received notice are insufficient to state a claim for breach of the Mortgage.  In support of that proposition, they cite Donahue v. Federal National Mortgage Association, No. 17-cv-10635-DJC, 2019 WL 2176939 (D. Mass. May 20, 2019) in which the court held that whether plaintiff actually received notice was irrelevant to the question of whether reasonable efforts to provide such notice were made. Id. at *5-*6.

Defendants' reliance on Donahue at this point is, however, misplaced.  The Court in Donahue concluded that, upon reviewing the evidence, the mortgagee made reasonable efforts to meet face-to-face with the plaintiff and was, therefore, entitled to summary judgment. Id. at *6-*7 (citing Dan-Harry v. PNC Bank, N.A., No. 17-136WES, 2018 WL 5044235, at *5 (D.R.I. Oct. 17, 2018)).

At this juncture, the parties have not yet had the benefit of discovery and the Court must draw all reasonable inferences in plaintiff's favor.  It is reasonable for the Court to infer that, because plaintiff alleges she never received communications from defendants regarding a face-to-face meeting, reasonable efforts to arrange such a meeting were not made. Lamonica v. Fay Servicing, LLC, 352 F. Supp. 3d 138, 140-41

(D. Mass. 2018) ("It is certainly a reasonable inference that, since Plaintiff alleges to have not received notice, one was never sent.").

Although defendants may ultimately prevail at the summary judgment stage, plaintiff has alleged facts sufficient to survive defendants' motion to dismiss.

**ORDER**

For the foregoing reasons, the motion of defendants to dismiss the complaint (Docket No. 6) is **DENIED**.


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated June 24, 2020